UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOVANNA A. HOLMAN,

                  Plaintiff,

- v. -

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

**ORDER**

19 Civ. 4393 (PGG) (KHP)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Jovanna Holman seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income ("SSI") benefits on the grounds that she is not disabled. (Am. Cmplt. (Dkt. No. 10)) On May 21, 2019, this Court referred the case to Magistrate Judge Katharine H. Parker for a Report and Recommendation ("R & R"). (See Order of Reference (Dkt. No. 6))

        In seeking judgment on the pleadings, Plaintiff argues that this case should be remanded for further development of the record, because the administrative law judge ("ALJ") did not adequately explain why he (1) gave little weight to a report prepared by a nurse practitioner who had treated Plaintiff (Jt. Br. (Dkt. No. 18) at 27-42, 60-61); and (2) rejected "[P]laintiff's testimony about her impairments [as not] entirely credible." (Id. at 56-57) Plaintiff further complains that the ALJ "fail[ed] to consider the side effects of [P]laintiff's medications." (Id. at 58-59)

        The Commissioner counters that (1) because the nurse practitioner is not an M.D., his opinion about Plaintiff's condition need not be assigned controlling weight; and (2) the ALJ

properly evaluated the nurse practitioner's opinion given conflicting medical evidence.  (Id. at 42-55)  The Commissioner also argues that the ALJ's determination that the Plaintiff could perform a range of work with certain non-exertional limitations was supported by substantial evidence.  (Id. at 57-58, 59-60, 61-62)

On October 19, 2020, Judge Parker issued a 31-page R & R recommending that Plaintiff's motion for judgment on the pleadings be granted, and that Defendant's cross-motion for judgment on the pleadings be denied.  (R & R (Dkt. No. 19))  In her R & R, Judge Parker notifies the parties that they have fourteen days from service of the R & R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  (Id. at 31)  The R & R further states that "[t]he failure to file . . . timely objections will result in waiver of those objections for purposes of appeal."  (Id.)  Neither side has filed objections to the R & R.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.

Where, as here, no objections are filed to a magistrate judge's R & R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived.  See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v.

Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report." (citation omitted)).

This Court has nonetheless reviewed Judge Parker's comprehensive and well-reasoned R & R for clear error. In her R&R, Judge Parker acknowledges that the nurse practitioner is not a physician, and thus is not an "acceptable medical source[]" whose opinion is entitled to controlling weight under the applicable regulations. (R&R (Dkt. No. 19) at 20)  Judge Parker nonetheless finds that – given the nurse practitioner's "lengthy treatment relationship" with Plaintiff – the ALJ was required to explain his reasons for "attribut[ing] little weight" to the nurse practitioner's opinion. (Id. at 22-24 (citing 20 C.F.R. § 416.927))  Judge Parker concludes that "remand [is] proper because the ALJ utterly failed to address [the nurse practitioner's] finding" – uncontradicted in the record – "that Plaintiff's impairments would cause Plaintiff to miss work more than three times a month." (Id. at 23-24)

The ALJ also did not "address medical evidence concerning the regularity and severity of plaintiff's panic attacks." (Id. at 25)  Judge Parker finds that a remand would allow the ALJ "to explain his reasoning in further detail and to solicit additional medical evidence with respect to the regularity and predictability of Plaintiff's panic attacks, at least to the extent that information is necessary to determine whether Plaintiff would be able to travel to and sustain regular attendance at work." (Id. at 27-28)

As to Plaintiff's testimony regarding her panic attacks and the side effects associated with her medication, Judge Parker notes that the ALJ rejected Plaintiff's testimony without stating his reasons "with specificity," using the required "detailed rationale." The ALJ

3

instead used "boilerplate language [that] does not satisfy the requirement that the ALJ take Plaintiff's subjective complaints into account." (Id. at 29)  According to Judge Parker, remand is warranted to allow for "a more detailed explanation as to why Plaintiff's subjective complaints should be discredited along with the record evidence that supports that conclusion." (Id. at 30)

This Court has reviewed Judge Parker's R&R and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).  Accordingly, this Court adopts Judge Parker's R & R in its entirety. Plaintiff's motion for judgment on the pleadings is granted, and Defendant's cross-motion for judgment on the pleadings is denied.  The Clerk of Court is directed to terminate the motion (Dkt. No. 18), and remand this case to the Commissioner of Social Security for further proceedings.

Dated:  New York, New York
         March 6, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge