UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOVANNA A. HOLMAN,

                    Plaintiff,

        - against -

COMMISSIONER OF SOCIAL SECURITY

                    Defendant.

**ORDER**

19 Civ. 4393 (PGG) (KHP)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Jovanna Holman filed this Social Security appeal against Defendant

Commissioner of Social Security (the "Commissioner") on May 14, 2019.  (Cmplt. (Dkt. No. 1))

On March 8, 2021, this Court adopted Magistrate Judge Katharine H. Parker's Report and

Recommendation ("R&R") and granted Plaintiff's motion for judgment on the pleadings.  (Dkt.

No. 20)

        Pending before this Court is Plaintiff's motion for an award of attorneys' fees.

(Dkt. No. 22)  On July 19, 2021, Judge Parker issued an R&R recommending that this Court

grant Plaintiff's motion and award Plaintiff $9,659.00 in attorneys' fees.  (R&R (Dkt. No. 27) at

7)[1]

        For the reasons stated below, the July 19, 2021 R&R will be adopted in its

entirety, and Plaintiff will be awarded $9,659.00 in attorneys' fees.

---

[1]  The page numbers of documents referenced in this Order correspond to the page numbers
designated by this District's Electronic Case Files ("ECF") system.

## BACKGROUND

### I.   PROCEDURAL HISTORY

The Complaint was filed on May 14, 2019.  (Cmplt. (Dkt. No. 1))  On May 21, 2019, this Court referred this matter to Judge Parker.  (Order of Reference (Dkt. No. 6))  Plaintiff filed an Amended Complaint on June 12, 2019.  (Am. Cmplt. (Dkt. No. 10))  On April 24, 2020, in lieu of cross-motions for judgment on the pleadings, the parties submitted a joint brief addressing the disputed facts and issues in the case.  (Jt. Br. (Dkt. No. 18))

On October 19, 2020, Magistrate Judge Parker issued an R&R recommending that Plaintiff's motion for judgment on the pleadings be granted and that the Commissioner's cross-motion for the same be denied.  (R&R (Dkt. No. 19) at 30)  On March 8, 2021 this Court adopted the October 19, 2020 R&R.  (Order (Dkt. No. 20) at 4)  On March 8, 2021, the Clerk of Court entered final judgment, and this case was remanded to the Commissioner.  (Dkt. No. 21)

On June 3, 2021, Plaintiff filed a motion for an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 20 U.S.C. § 2412.  (Mot. (Dkt. No. 22))  In that motion, Plaintiff seeks an attorneys' fee award of $9,659.00, premised on 46 hours of work performed by Plaintiff's counsel at an hourly rate of $209, and .5 hours of work performed by a paralegal at an hourly rate of $90.  (Id.)  The Commissioner opposes Plaintiff's request for an award of attorneys' fees, arguing that the requested fees are excessive, and that Plaintiff should not be compensated for hours exceeding the average 20 to 40 hours necessary for litigating routine Social Security cases.  (Def. Br. (Dkt. No. 25) at 2, 6)  The Commissioner does not object to the hourly rate sought by Plaintiff.  (Id. at 2)

On July 19, 2021, Judge Parker issued an R&R addressing Plaintiff's motion for attorneys' fees.  (R&R (Dkt. No. 27))  In her July 19, 2021 R&R, Judge Parker notes that the 46

hours of work cited by Plaintiff is only modestly more than the 40 hours the Commissioner concedes is reasonable.  (Id. at 7)  Judge Parker also finds that the hourly rate sought by Plaintiff's counsel is reasonable.  (Id. at 4)  Accordingly, Judge Parker recommends that this Court grant Plaintiff's motion and award Plaintiff $9,659.00 in attorneys' fees.  (Id. at 7)

## DISCUSSION

### I.    LEGAL STANDARDS

#### A.    Review of a Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.  As to portions of an R&R to which no timely objection is made, this Court's review is limited to a consideration of whether there is any "'clear error on the face of the record'" that precludes acceptance of the recommendations.  Wingate v. Bloomberg, 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Here, the R&R recites the requirement that "[t]he parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure."  (R&R (Dkt. No. 27) at 7)  The R&R further states that "failure to file these timely objections will result in a waiver of those objections for purposes of appeal."  (Id. at 8)  Despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Parker's R&R.

B.    **EAJA Attorneys' Fee Awards**

The EAJA provides in relevant part:

[A] court shall award to a prevailing party other than the United States fees and
other expenses . . . incurred by that party in any civil action . . . including
proceedings for judicial review of agency action . . . [,] unless the court finds that
the position of the United States was substantially justified or that special
circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  To obtain an award of fees and costs pursuant to Section

2412(d)(1)(A), a party must show:  "(1) that the claimant [is] a 'prevailing party'; (2) that the

Government's position was not 'substantially justified'; (3) that no 'special circumstances make

an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be

submitted to the court within 30 days of final judgment in the action and be supported by an

itemized statement."  Kerin v. USPS, 218 F.3d 185, 189 (2d Cir. 2000) (citing Commissioner,

INS v. Jean, 496 U.S. 154, 158 (1990)).

Because neither side has filed objections to Judge Parker's R&R, the parties have

waived judicial review.  This Court has, however, reviewed Judge Parker's R&R and finds it to

be thorough, well-reasoned, and free of any clear error.  Accordingly, Judge Parker's R&R will

be adopted in its entirety.

## CONCLUSION

For the reasons stated above, Magistrate Judge Parker's R&R (Dkt. No. 27) is

adopted in its entirety, and Plaintiff is awarded $9,659.00 in attorneys' fees.

Dated: New York, New York
       July 15, 2022

                              SO ORDERED.

                              _____
                              Paul G. Gardephe
                              United States District Judge

4